UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
− − − − − − − − − − − − − − − − − − − − − − − − − −x
In re:

SHERWOOD L. BOYCE,                                  Case No.: 10-75049-ast
                                                    Chapter 13
Debtor.
− − − − − − − − − − − − − − − − − − − − − − − − − −x
SHERWOOD L. BOYCE,

Plaintiff,                                          Adv. Pro. No.: 10-8307-ast

- against –

CITIBANK, N.A., as Trustee for the MLMI Trust
Series 2006-HES,

Defendant.
− − − − − − − − − − − − − − − − − − − − − − − − − −x
CITIBANK, N.A., as Trustee for the
MLMI Trust Series 2006-HES,
Counterclaim-Plaintiff and Third Party Plaintiff,

- against –

SHERWOOD L. BOYCE, Counterclaim-Defendant,
And HEATHER BOYCE, Third Party Defendant.
− − − − − − − − − − − − − − − − − − − − − − − − − −x

## DECISION AND ORDER DENYING MOTION TO REOPEN
## ADVERSARY PROCEEDING AND DENYING STAY

*Issues presented and summary of ruling*

Pending before this Court is the motion of the former Debtor Sherwood L. Boyce ("SLB") and non-debtor Heather Boyce ("HB") (collectively, "Movants"), seeking to reopen this adversary proceeding after unsuccessfully litigating in a foreclosure action before the state courts of New York. Movants also seek a stay of the foreclosure action. As there is no merit to Movant's motion, all requested relief will be denied.

1

*Background*[1]

Since May of 2008, a foreclosure action (the "Foreclosure Action") has been pending in the Supreme Court of the State of New York, County of Suffolk (the "State Court") between Movants and Defendant, Citibank N.A., as Trustee for the MLMI Trust Series 2006-HE5 ("Citibank"), concerning the real property located at 24 Napoli Drive, Wheatley Heights (or Wyandanch), New York 11798 (the "Property").

On June 30, 2010, after a default judgment was entered against Movants in the Foreclosure Action, SLB filed for protection under Chapter 13 of the Bankruptcy Code.

On July 20, 2010, SLB filed this adversary proceeding concerning his and Citibank's rights in the Property.

On March 9, 2012, Citibank filed a third party action against HB.

This adversary proceeding was marred by several disputes between the parties, and the progress of SLB's chapter 13 case was slowed by the on-going litigation between them.

On April 6, 2012, this Court entered an Order in SLB's main bankruptcy case scheduling an estimation hearing pursuant to Bankruptcy Code § 502(c) to estimate the claim of Citibank in this bankruptcy case; that hearing was scheduled for May 24, 2012.

On June 5, 2012, following an agreement reached by all parties to this adversary to avoid having this Court conduct the estimation hearing, the Court entered an Order that directed the following: (1) the automatic stay and co-debtor stay would be lifted as to Citibank so that the parties could continue the Foreclosure Action; (2) any chapter 13 plan of SLB would leave unaffected the rights of the Citibank with respect to the Property and any other matters, other

---

[1] These facts are derived from the uncontested allegations in the parties' respective pleadings and from the public docket in this case.

than with respect to a personal liability claim against SLB in the chapter 13 bankruptcy case; and (3) the Court would abstain from hearing this adversary proceeding and to permit the parties' state law dispute to be determined by the State Court (the "Abstention Order"). [adv dkt item 89] The Abstention Order expressly authorized and permitted the transfer of this adversary proceeding to the State Court pursuant to 28 U.S.C. § 1334(c)(1). Incident thereto, this Court entered an Order administratively closing this adversary, authorizing either party to seek to reopen for cause, and providing that the SLB bankruptcy shall remain open "pending resolution of other matters in the Chapter 13 case." [adv dkt item 90]

On October 9, 2012, SLB filed his Fourth Amended Plan consistent with the Abstention Order and the provisions of chapter 13. [main case dkt item 66]

On November 20, 2012, SLB obtained confirmation of his Fourth Amended Plan. [main case dkt item 69]

On May 3, 2013 SLB received his chapter 13 discharge. [main case dkt item 81]

On August 9, 2013 the chapter 13 trustee filed a final report and accounting [main case dkt item 83]; on the same day, this Court entered a final decree and closed SLB's bankruptcy case. [main case dkt item 84]

Between June 2012 and August 2015, the parties aggressively litigated before the New York state courts. A critical issue before the State Court was SLB's efforts to vacate the default which had been entered against him and HB in the Foreclosure Action prior to his filing bankruptcy. SLB's motion to vacate the default was denied by the State Court on June 21, 2013 (the "June 2013 Order"). [adv dkt item 95-2] The State Court held that the SLB expressly waived any defenses to foreclosure in certain foreclosure stipulations, and therefore could not demonstrate the existence of a reasonable excuse for the default. The June 2013 Order states:

> It is well settled that in order to vacate a default judgment pursuant to CPLR 5015(a), a defendant must demonstrate both a reasonable excuse for the default and a meritorious defense (*Wynne v. Wagner* 262 A.D.2d 556, 693 N.Y.S.2d 60 [2d Dept. 1999]; see *Kolajo v. City of New York,* 248 A.D.2d 512, 670 N.Y.S.2d 52 [2d Dept. 1998]; *Roussodimou v. Zafiriadis,* 238 A.D.2d 568, 657 N.Y.S.2d 66 [1st Dept. 1997]; *Fennell v. Mason,* 204 A.D.2d 599, 612 N.Y.S.2d 416 [2d Dept. 1994]). The determination of what constitutes a reasonable excuse for a default lies within the sound discretion of the trial court (see, *Bardales v. Blades,* 191 A.D.2d 667, 59S N.Y.S.2d 553).
>
> Herein, it is undisputed, and clearly acknowledged by the defendants, that they were properly served with the summons and complaint. They also admit that they executed the stipulations dated July 15, 2008 and June 15, 2009 and it appears that they did not seek advice of counsel until in or about June, 2010 when defendant Sherwood L. Boyce filed a petition in the Bankruptcy Court, Eastern District of New York. Both stipulations provide in unambiguous language that "they have no defense to this action and therefore agree to waive any claim or defense, as against the plaintiff. Further, Defendant hereby withdraws any answer previously interposed in this action." The defendants have failed to proffer any excuse for their default. If the intent of the defendants is to move to vacate the afore-stated stipulations, it has consistently been held that absent a showing of fraud, mistake or other good cause, a stipulation between parties is deemed valid and enforceable and a party cannot be relieved of their obligation simply because they made a bad bargain. (*Term Industries, Inc., v. Essbee Estates, Inc.,* 88 A.D.2d 823, 451 N.Y.S.2d 128 [1st Dept 1982]; *Kazimierski v. Weiss,* 252 A.D.2d 481, 675 N.Y.S.2d 124 [2d Dept 1998]) An allegation that they were misled by an employee of the plaintiff's previous counsel's firm is conclusory and insufficient to warrant the relief that the defendants seek.
>
> Accordingly, pursuant to the foregoing and under the circumstances presented herein, the defendants have failed to meet their burden and the motion to vacate their default is denied.

[dkt item 95-2]

Also on June 21, 2013, the State Court granted Citibank's motion for the appointment of a referee for a foreclosure sale.

Debtor appealed from the June 2013 Order. By Decision and Order dated August 5, 2015, the Appellate Division of the Supreme Court of the State of New York affirmed the June 2013 Order (the "Affirmance"). [adv. dkt item 95-3] *Citibank, N.A. v. Boyce*, 131 A.D.3d 439, 439, 13 N.Y.S. 3d 911 (2d Dep't 2015). In the Affirmance, the appellate court stated:

4

> To vacate an order of reference entered upon their default in appearing or answering the complaint, the defendants Heather P. Boyce, also known as Heather Boyce, and Sherwood L. Boyce, also known as Sherwood Boyce (hereinafter together the defendants), were required to demonstrate a reasonable excuse for their default and a potentially meritorious defense to the action (*see* CPLR 5015[a][1]; *Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 N.Y.2d 138, 141; *EMC Mtge. Corp. v Lamb*, 126 A.D.3d 669, 669; *Deutsche Bank Natl. Trust Co. v Ramirez*, 117 A.D.3d 674, 675). The defendants failed to demonstrate a reasonable excuse for their default. In the absence of a reasonable excuse, it is unnecessary to determine whether the defendants demonstrated the existence of a potentially meritorious defense (*see Duran v Milord*, 126 A.D.3d 932, 933; *Betz v Carbone*, 126 A.D.3d 743, 744).

*Id.*

In a move that smacks of blatant forum shopping, on September 2, 2015, Movants filed the instant motion to reopen this Adversary Proceeding; in spite of how Movants may have written their Motion, it is a transparent attempt to ask this Court to overrule the orders of the state trial and appellate courts, and should be summarily denied.

### *There is no case pending before this Court and no cause to reopen*

Movants seems to ignore the fact, at least in their initial motion, that there is no case pending before this Court. SLB's chapter 13 case was closed after it had been fully administered. This Court did not retain jurisdiction over this adversary when the case was closed in 2013. Bankruptcy courts possess "related to" jurisdiction over a suit under 28 U.S.C. § 1334 if that suit "might have any conceivable effect" on the bankruptcy estate. *Picard v. Fairfield Greenwich Ltd.*, 762 F.3d 199, 211 (2d Cir. 2014) (quoting *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 114 (2d Cir. 1992)). Prior to the Supreme Court's decision in *Stern v Marshall*, 131 S. Ct. 2594, 180 L. Ed. 2d 475 (2011), the Second Circuit addressed a bankruptcy court's "related to" jurisdiction under 28 U.S.C. § 1334 over an adversary proceeding after dismissal of the main bankruptcy case. *See Presidential Gardens Associates v, United States of America*, 175 F.3d 132, 142 (2d Cir. 1999) (finding that the appellants' attempt to invoke bankruptcy jurisdiction

5

under 28 U.S.C. § 1334 must fail); *Porges v. Gruntal & Company*, 44 F.3d 159, 162 (2d Cir. 1995) (order of dismissal retained jurisdiction pursuant to 11 U.S.C. § 349 to issue a decision in the pending adversary proceeding). Both decisions noted that "related to" jurisdiction does not normally survive the dismissal of the underlying bankruptcy case. Decisions rendered after *Stern* adhere to the same rule. *See e.g.*, *Clark v. Mortgage Elec. Registration Sys.*, 2014 U.S. Dist. LEXIS 141285, at *2-3 (E.D.N.Y. Oct. 2, 2014); *Johnson v. Wells Fargo Bank, N.A. (In re Johnson)*, 2014 WL 4197001, at *28-29 (Bankr. E.D.N.Y. Aug. 22, 2014); *Empire State Bldg., L.L.C. v. N.Y. Skyline, Inc. (In re N.Y. Skyline, Inc.)*, 471 B.R. 69, 79-80 (Bankr. S.D.N.Y. 2012) (finding that *Stern* did not alter the Court's analysis of whether the litigations at issue should remain with the bankruptcy court because *Stern* did not concern jurisdictional issues, but rather the bankruptcy court's authority to enter final orders and judgments).

The Second Circuit in *Porges* articulated a four factor test that bankruptcy courts should consider in determining whether to continue to exercise authority over an adversary proceeding where it does have "related to" jurisdiction: judicial economy, convenience to the parties, fairness and comity. *Porges*, 44 F.3d at 163. Here, there is no possibility that the SLB – HB – Citibank dispute could affect the bankruptcy estate. The 2012 Orders expressly provided that SLB's chapter 13 plan would leave Citibank's rights with respect to the Property unaffected. In addition, SLB has received his discharge. Therefore, the Court lacks "related to" jurisdiction over the parties' dispute.

Even if there were "related to" jurisdiction, this Court would decline to reopen this adversary based upon the four *Porges* factors: the remaining dispute does not impact SLB's bankruptcy estate; it would also be unfair and inconvenient to force Citibank to re-litigate the state law issues before this Court; the parties had unequivocally agreed to resolve all of their

disputes before the State Court, as memorialized by the Abstention Order; and comity also weighs in favor of declining to exercise jurisdiction -- SLB and HB have lost before the New York state courts after years of protracted litigation and should not be allowed to utilize this Court's jurisdiction to attempt to circumvent those determinations.

Moreover, SLB did not file a motion to reopen his main case, nor could he have done so in good faith; there is no relief this Court could afford SLB in the main case under § 350 nor a basis to reopen under § 350 or Bankruptcy Rule 5010.[2]  Section 350(b) of the Bankruptcy Code authorizes courts to reopen a case "to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b); *see generally In re Mohammed*, 536 B.R. 351, 354-55 (Bankr. E.D.N.Y. 2015).  Although a motion to reopen is generally considered a "ministerial act," in determining whether to grant the motion, it is appropriate for the Court to review the legal merits of the relief sought upon reopening.  *See In re Smith*, 426 B.R. 435, 440 (E.D.N.Y. 2010) *aff'd Smith v. Silverman (In re Smith)*, 645 F.3d 186 (2d Cir. 2011).  This Court will limit the exercise of its discretion to reopen a closed case "in circumstances where relief may ultimately be afforded to a party, but not where reopening is futile or a waste of judicial resources." *In re Farley*, 451 B.R. 235, 237 (Bankr. E.D.N.Y. 2011).

No relief is legally available here and as such reopening the main case would be futile and a waste of judicial resources.  SLB expressly agreed with Citibank in 2012, and this Court Ordered, that his chapter 13 plan would leave unaffected the rights of Citibank with respect to the Property; he could not now reopen his main bankruptcy case to try to treat the Citibank lien.

---

[2] This Court need not reach whether it would apply the § 350 and Rule 5010 test to reopening an adversary proceeding, as such are directed to reopening cases not adversary proceedings.  *See generally State Bank of India v. Chalasani (In re Chalasani)*, 92 F.3d 1300, 1307 (2d Cir. 1996) (affirming bankruptcy court's decision to deny a motion to reopen an underlying bankruptcy case in order to vacate a default judgment entered in an adversary proceeding because, *inter alia*, the default judgment could not be set aside).

Further, any attempt to do so would be futile, as the maximum term of a chapter 13 plan is sixty (60) months, and SLB already exceeded that 60 months term, having filed in June 2010. *See* 11 U.S.C. § 1322(d). In any event, Movants do not seek to reopen this adversary to pay Citibank, but to retry matters disposed of by the state courts.

Thus, there is neither cause to reopen this adversary proceeding, nor would there be cause to reopen the main bankruptcy case.

### ***This Court need not reach Movant's arguments concerning collateral estoppel, res judicata, full faith and credit or Rooker Feldman***

This Court's jurisdiction as a federal court is limited to deciding actual cases and controversies, and not issuing advisory opinions. *See Mills v. Green*, 159 U.S. 651, 653 (1895); *see also Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1951, 1967-68 (Roberts, C.J. and Thomas, J., dissenting) (noting that the Article III case and controversy requirement is conferred upon the bankruptcy courts in narrow circumstances). Because this Court is not reopening this adversary, it need not and will not reach the panoply of issues raised by Movants as to whether this Court would, should or could ignore the rulings of the state courts. *See generally Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005) (applying the *Rooker-Feldman* doctrine); *Swiatkowski v. Citibank*, 745 F. Supp. 2d 150 (E.D.N.Y. 2010) (considering the *Rooker-Feldman* doctrine and New York rules of preclusion); *De Curtis v. Ferradina (In re Ferrandina)*, 533 B.R. 11 (Bankr. E.D.N.Y. 2015) (applying issue preclusion under New York law); *Giglio v. Nisivoccia (In re Nisivoccia)*, 502 B.R. 139 (Bankr. E.D.N.Y. 2013) (applying claim preclusion under New York law).

### ***This Court will not reach Movant's request for a stay***

Because this Court is not reopening this adversary, it need not and will not reach Movant's request for a stay of the Foreclosure Action or any other proceedings related to the

Property.  *See generally* 28 U.S.C. § 2283 (the "Anti-Injunction Act"); *Younger v. Harris,* 401 U.S. 37, 40, 91 S. Ct. 746, 750 (1971); *Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers,* 398 U.S. 281, 286-87, 90 S. Ct. 1739 (1970).

Based upon the forgoing, it is hereby

**ORDERED,** that the Motion is in all respects denied, with prejudice to any subsequent request to reopen this adversary proceeding.



Dated: December 15, 2015  
Central Islip, New York

_____  
**Alan S. Trust**  
**United States Bankruptcy Judge**